**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ADAPTIVE MODIFICATIONS, LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. <u>4:18-cv-864</u>** |
| | § | |
| **ATLANTIC CASUALTY INSURANCE** | § | |
| **COMPANY; TRIMARK INSURANCE** | § | |
| **GROUP, INC.; DELTA GENERAL** | § | |
| **AGENCY CORPORATION, NORTH** | § | |
| **TEXAS BRANCH; and DAN MITCHELL** | § | |
| **a/k/a AGENT NO. 181,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL</u>**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendant, Atlantic Casualty Insurance Company (Atlantic Casualty), files this Notice of

Removal pursuant to 28 U.S.C. §1441, *et seq.*, and respectfully shows the Court as follows:

**I.
<u>INTRODUCTION</u>**

1.     This removed action is an insurance-coverage dispute arising from a separate,

underlying state-court suit against Plaintiff filed in Denton County, Texas, for property damage

due to Plaintiff's allegedly faulty installation of a faucet.[1]  Pursuant to the terms of its policy of

insurance issued to Plaintiff, Atlantic Casualty properly denied coverage for the underlying

lawsuit, for which Plaintiff now sues in the instant, removed, Coverage Lawsuit.

---

[1] *Safeco Insurance Company of Indiana, as subrogee of Randy and Michelle Haberman v. Adaptive Modifications, LLC et al.*, No. 17-2310-16, in the 16th Judicial District Court of Denton County, Texas.   Atlantic Casualty is not a party to this underlying lawsuit, and the underlying lawsuit is not being removed by way of this Notice.

2.     This removed action was filed in the 219th District Court of Collin County, Texas, on November 5, 2018.  Atlantic Casualty was served with process on November 13, 2018.  This Notice of Removal is filed within 30 days from the date that Atlantic Casualty received service of Plaintiff's initial pleading and is therefore timely under 28 U.S.C. § 1446(b). Venue is proper in this district and division under 28 U.S.C. §1441(a) because the state court suit in which this case is currently pending is located in this district and division.

3.     This action is removable because there is complete diversity of citizenship between the Plaintiff and Atlantic Casualty – the only Defendant properly joined – and because damages alleged are in excess of $75,000.00.  Accordingly, this matter is within the jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

4.     Plaintiff improperly joined Defendants Trimark Insurance Group, Inc., Delta General Agency Corporation, North Texas Branch, and Dan Mitchell a/k/a Agent No. 181 (collectively referred to herein as the Agent Defendants) solely to defeat diversity jurisdiction. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).  There is no reasonable basis for believing that Plaintiff could recover from the Agent Defendants under applicable state law and, thus, their citizenship must be disregarded for purposes of diversity jurisdiction. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006).

5.     Atlantic Casualty will promptly file a copy of this Notice of Removal with the clerk of the 219th District Court of Collin County, Texas, where this lawsuit was initially filed.

## II.
## FACTUAL BACKGROUND

6.     Atlantic Casualty issued a commercial general liability policy to named insured, Adaptive Modifications, LLC, for the policy period of March 13, 2015, to March 13, 2016.  In its Original Petition, Plaintiff alleges that Amazon.com hired it, pursuant to an Amazon.com

program, to install a faucet purchased by the homeowners from Amazon.com, at a property in Flower Mound, Texas, through two independent contractors working for Plaintiff.  (Pl.'s Orig. Pet. ¶ 10.)  According to Plaintiff, about a week later, the faucet leaked, which allegedly caused water damage to the Flower Mound Property.  (*Id*.)  Plaintiff was sued in the underlying lawsuit for this alleged damage and tendered the lawsuit to Atlantic Casualty for defense.  (*Id*. ¶ 11.) Atlantic Casualty denied coverage for the claim, which resulted in this action.[2]  (*Id*.)

7.      In addition to suing Atlantic Casualty in this coverage action, Plaintiff also sued agencies and an individual agent involved in the procurement of the policy.  Atlantic Casualty is a surplus lines insurer, which means it is an out-of-state insurer, not admitted in Texas, but allowed to issue policies in Texas by working through a Texas-based managing general agent (MGA).  Delta General Agency was the MGA regarding Plaintiff's policy.  The proposed insured, Plaintiff in this instance, does not deal with the MGA.  Instead, the person seeking insurance goes to a retail agent, Trimark Insurance Group in this instance, and deals with one of their agents, Dan Mitchell in this case.  The retail agent then submits an application to the MGA to underwrite the policy.  As set forth below, the Agent Defendants are improperly joined, and this Court has jurisdiction over this action based upon diversity of citizenship.

### III.
### BASIS FOR REMOVAL

8.      Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332(a)(1), 1441(a), and 1446.

---

[2] Atlantic Casualty properly denied coverage because, among other reasons, the Atlantic Casualty policies do not cover (i) damage to the insured's work or work performed by subcontractors, (ii) claims for breach of contract, breach of warranty or DTPA violations, (iii) the cost to repair, replace, or complete any work that the insured is obligated to repair, replace, or complete pursuant to the terms of the contract, or (iv) "property damage" unless the insured can demonstrate that such damage arose out of the classifications shown in the Declarations.

**A.**     **The proper parties – Plaintiff and Atlantic Casualty – are of diverse citizenship.**

9.     Plaintiff is Adaptive Modifications, LLC, a Texas limited liability company whose member is a citizen of the State of Texas.  Adaptive Modifications, LLC is not a citizen of the State of North Carolina.

10.     The Coverage Lawsuit names four defendants.  The first named defendant is Atlantic Casualty.  Atlantic Casualty is an insurance company formed under the laws of the State of North Carolina with its principal place of business in Goldsboro, North Carolina.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Atlantic Casualty is a citizen of North Carolina.  It is not a citizen of the State of Texas.

11.     Atlantic Casualty asserts that it is the only properly joined defendant, and thus diversity of citizenship exists between it and Plaintiff.

**B.**     **The Agent Defendants were improperly joined.  Plaintiff cannot recover against the Agent Defendants for the reasons set forth below.**

12.     In its Original Petition, Plaintiff makes no substantive, factual allegations against Delta General Agency or Trimark Insurance Group.  The only factual allegations are the identification of these defendants and statements of where they can be served with process. (Pl.'s Orig. Pet. ¶¶ 6 & 7.)  Other than identification and service information, Plaintiff makes two statements about Defendant Dan Mitchell.  The first states:

> 9.     Plaintiff brings this lawsuit to recover damages arising from Defendants' denial of coverage and refusal to pay insurance benefits as represented by their agent, Defendant Mitchell, and by the commercial general liability policy they sold to Plaintiff in 2015, which did not cover the type of work Plaintiff communicated to Defendants.

(Pl.'s Orig. Pet. ¶ 9.) The second states:

23.     Defendant Mitchell induced Plaintiff to rely on his performance to procure insurance, and Plaintiff reasonably, but to its detriment, assumed that it was insured against the risk that caused the loss in the underlying lawsuit.

(Pl.'s Orig. Pet. ¶ 23.) Except for providing some factual information regarding its relationship with Amazon.com, the installation of the faucet and that the claim was denied, the rest of Plaintiff's petition is boilerplate recitation of statutes or elements of claims.

13.     Although each defendant—Atlantic, Delta, Trimark/Mitchell—had a different role in the process, Plaintiff alleges that all of its causes of action—Insurance Code Chapter 541, DTPA, breach of contract, negligence—against all of them, without differentiating but instead referring to "Defendants."  As set forth below, the Agent Defendants are improperly joined.  The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

13.     The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).  When a defendant alleges the latter, he must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

14.     In deciding the issue of improper joinder, the Court may either (1) conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) to "pierce the pleadings" and conduct a summary judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *Id.* at 573–744.   As set forth below, because Plaintiff's claims against the

Agent Defendants cannot be maintained against them, they are improperly joined and thus diversity jurisdiction exists.

1. **The claims under the Texas Insurance Code, the DTPA, and in Negligence are barred by a two-year statute of limitations.**

15.     Atlantic Casualty may show improper joinder by establishing an affirmative defense of the non-diverse defendants. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996). If a defendant establishes an affirmative defense, "it necessarily follows that joinder was [improper]." *Id*. The statute of limitations is an affirmative defense, and it establishes improper joinder in this case. *See* TEX. R. CIV. P. 94; FED. R. CIV. P. 8(c)(1).

16.     Plaintiff sues the Agent Defendants in relation to procurement of the policy, mostly for alleged misrepresentations under certain provisions of TEX. INS. CODE Chapter 541 and of the DTPA section 17.46(b). Plaintiff pleads that it purchased the Atlantic Casualty policy in 2015. (Pl.'s Orig. Pet. ¶ 9.) In fact, the policy period was from March 13, 2015, to March 13, 2016. Thus, anything done in relation to the procurement of the policy necessarily happened before March 13, 2015. Plaintiff alleges that the faucet was installed on December 1, 2015, and that a leak occurred seven days later, causing damage. (*Id*. ¶ 10.) The statute of limitations for claims under Insurance Code Chapter 541 is two years. TEX. INS. CODE § 541.162. The statute of limitations for a violation of the DTPA is two years. TEX. BUS. & COM. CODE § 17.565.

17.     The date on which a cause of action accrues is a question of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). "[A] cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Id*. A cause of action generally accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later and even if all resulting

damages have not yet occurred.  *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).  In this case, Plaintiff sued the Agent Defendants for misrepresentations in the sale of the policies because the policies allegedly did not provide the insurance coverage that the insured thought it had for its business. Any causes of action that Plaintiff has against the Agent Defendants accrued when Atlantic Casualty issued the policy, when Plaintiff could read exactly what was covered and what was not covered.

18.     For instance, the statute of limitations for a misrepresentation claim arising out of the purchase of a policy in Texas is two years *from the date of the purchase of the policy*.  *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 748 (W.D. Tex. 2015) (*citing Khoei v. Stonebridge Life Ins. Co.*, No. H-13-2181, 2014 WL 585399 at *7 (S.D. Tex. Feb. 14, 2014)) (claim against insurer for misrepresenting policy coverage in selling policy accrues when policy is issued); *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 890398, at *16 (S.D. Tex. Mar. 30, 2009) (cause of action based on misrepresentation or failure to disclose in connection with sale of policy accrues when policy is issued). Plaintiff's cause of action against the Agent Defendants accrued and limitations began to run at the latest on March 13, 2015, when the policy incepted.

19.     Plaintiff has not pleaded the discovery rule.  Furthermore, Plaintiff cannot assert the discovery rule to defeat the statute of limitations in this case.  A plaintiff cannot rely on the discovery rule to defeat the statute of limitations defense when the plaintiff could have discovered an alleged lack of insurance coverage had it used diligence in confirming the coverages provided.  *Sabine Towing & Transp. Co., Inc. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 62-63 (Tex. App.—Texarkana 2001, pet. denied).  Under Texas law, an insured has a duty to read the insurance contract and is bound by its terms.  *Heritage Manor of Blaylock Props., Inc. v.*

*Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 581 (W.D. Tex. 1999); *Glenn*, 83 F. Supp. 3d at 748.

20.     Had Plaintiff exercised the due diligence required of it under the law and simply read in 2015 the policy that it assumed covered property damage caused by its installation of a faucet using subcontractors, Plaintiff would have known that the policy did not provide the coverage that Plaintiff claimed he believed was in place.   The applicable exclusions are plainly stated in the policy.   As such, even under the DTPA, which builds the discovery rule into its limitation period (see footnote 2), there is no basis for Plaintiff to assert that its claims against the Agent Defendants did not accrue when the policy was issued in 2015.   *See, e.g.*, *Hunton v. Guardian Life Ins. Co. of Am.*, 243 F. Supp. 2d 686, 703-04 (S.D. Tex. 2002), *aff'd,* 71 Fed. App'x 441 (5hth Cir. 2003) (two-year limitations period for claims against life insurer arising from agent's alleged misrepresentations began to run when policy was purchased in reliance on misrepresentations, rather than when misrepresentations were discovered, as insured and policyholder failed to exercise reasonable diligence to discover alleged falsity of statements by reviewing written policy); *Mauskar v. Hardgrove*, No 14-02-00756, 2003 WL 21403464, at *3 (Tex. App.—Houston [14th Dist.] June 19, 2003, no pet.) (same).

21.     For instance, in its petition, Plaintiff claims that "two independent contractors working for Plaintiff installed a faucet on the Flower Mound property."  (Pl.'s Orig. Pet. ¶ 10.)  It is damage from the subcontractors' alleged faulty work that gave rise to the claim.   Nonetheless, had the appropriate employee or member of Plaintiff read the policy, as the law holds he had a duty to do, he would have read long before the faulty installation that the policy contains an "EXCLUSION—INDEPENDENT CONTRACTORS OR SUBCONTRACTORS," which excludes loss arising out of or related to the work of independent contractors by or on behalf of any insured.  Atlantic

Casualty underwrote and insured Adaptive Modifications, LLC, not some unknown, unvetted, un-underwritten subcontractors.

22.     Plaintiff also would have read that there is a "classification limitation" that says the policy does not apply and there is no duty to defend unless the insured shows that loss, here, water damage, arose from the classification shown in the declarations page.  Classifications are important, as they indicate the level of risk involved and thus the premium charged.   For instance, there are materially different risks in a business that makes pillows as opposed to one that ships nitroglycerin.  Plaintiff would have read in the declarations page that it was classed for carpentry.  Installing a faucet is not carpentry.

23.     Plaintiff also would have read in the amended definition of "property damage" that "property damage" does not include any cost or expense to repair, replace, or complete any work to any property that the insured is obligated to repair, replace, or complete pursuant to the terms of a contract.  A liability policy is not a performance bond.

24.     Plainly, the alleged problems that Plaintiff has now regarding its coverage were addressed by and identifiable in the policy, which Plaintiff had an obligation to read, long before the faulty work that is the subject of the underlying action.  Had Plaintiff acquitted itself of its duty to read its policy, then any alleged wrongs committed by the Agent Defendants could have been addressed within two years of the issuance of the policy.  Plaintiff's claims, if any, accrued on issuance of the policy, and because it waited far more than two years thereafter to sue, Plaintiff's claims against the Agent Defendants are hopelessly time-barred.  Under the Rule 12(b)(6) analysis that courts apply to issues of improper joinder, Plaintiff's claims against the Agent Defendants must be dismissed.

**2.      Plaintiff's "contract" claim against the Agent Defendants similarly fails.**

25.      Although Plaintiff sues "Defendants" for breach of contract, the only contract that Plaintiff identifies is the insurance policy, which is a contract between Plaintiff and Atlantic Casualty.  The Agent Defendants are not parties to the contract.  The only consideration for any contract that Plaintiff identifies is payment of the policy premiums.   (Pl.'s Orig. Pet. ¶ 19.) Plaintiff identifies breach of the alleged contract as follows: "Defendants breached the contract when they denied coverage to Plaintiff after their agent, Defendant Mitchell, represented that the policy contained benefits that it did not have." (*Id.* ¶ 20.)  The Agent Defendants are not a party to the insurance policy and do not owe coverage and, therefore, they could not have denied coverage.  Atlantic Casualty, the insurer, properly denied coverage.

26.      Plaintiff's so-called "contract" claim against the Agent Defendants—if it is legally anything—is a failure to procure claim masquerading as a contract action.   Failure to procure or negligent procurement claims are common-law claims. *May v. United Services Ass'n of Am.*, 844 S.W.2d 666, 668-69 (Tex. 1992). In other words, they are not actions on a contract, and they carry a two-year statute of limitations.  *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514-15 (Tex. 1998); *Mauskar*, 2003 WL 21403464, at *3; *All-Tex Roofing, Inc. v. Greenwood Ins. Group, Inc.*, 73 S.W.3d 412, 414 (Tex. App.— Houston [1st Dist.] 2002, pet. denied) (regarding claim for failing to procure insurance from a solvent insurer).  Thus, for the same reasons discussed above, Plaintiff's misnamed "contract" claim fails.

**3.      Plaintiff fails to plead its claims sufficiently under the Texas Insurance Code and the DTPA as required by FED. R. CIV. P. 9(b) and fails to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6).**

25.     When determining improper joinder, a plaintiff's state-court claims are evaluated under federal pleading standards, including the heightened pleading requirements of FED. R. CIV. P. 9(b).  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208-09 (5th Cir. 2016); *Pelletier v. Allstate Vehicle and Prop. Ins. Co.*, No 4:17-CV-117-A, 2017 WL 1378186, at *2-3 (N.D. Tex. Apr. 11, 2017); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016).  This includes claims under the DTPA and Chapter 541 of the Texas Insurance Code, which are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); *Lopez*, 197 F. Supp. 3d at 951.  This requires the plaintiff to allege the "particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Lopez*, 197 F. Supp. 3d at 951 (*quoting Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015)).

26.     In this case, Plaintiff fails to include any facts regarding the time, place and content of any alleged misrepresentation.  The only references are at best vague and conclusory.  Nor are there any factual allegations contained in Plaintiff's pleading of the causes of action.  In pleading the specific Texas Insurance Code and DTPA violations, Plaintiff simply tracks the language of the statute without pleading any specific facts that would support its claim.  (Pl.'s Orig. Pet. ¶ 12 & 14).  Allegations that track the statutory language, without factual support, are conclusory, lack specific factual support, and fail to satisfy Rule 9(b).  *Okenkpu v. Allstate Tex. Lloyd's*, No. H-11-2376, 2012 WL 1038678, at *5-7 (S.D. Tex. Mar. 27, 2012).

27.     Plaintiff fails to allege any specific facts with regard to the alleged misrepresentations made by the Agent Defendants and merely tracks the language of the Texas Insurance Code and the DTPA.  Accordingly, Plaintiff fails to meet the heightened pleading

requirement for claims under the Texas Insurance Code and DTPA and fails to state a claim for which relief can be granted.

## IV.
## AMOUNT IN CONTROVERSY

28.      Plaintiff states in the current Coverage Lawsuit that it seeks monetary relief over $200,000.00 but less than $1,000,000.00.   (Pl.'s Orig. Pet. ¶ 2.)    Thus, the amount in controversy in this action, exclusive of costs and interest, well exceeds the minimum for removal. 28 U.S.C. § 1332(a); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## V.
## NOTICE AND CONSENT

29.      Atlantic Casualty submits that the consent of improperly joined Agent Defendants is not required by the rules.  *See* 28 U.S.C. § 1446(b)(2)(a) (requiring "all defendants *who have been properly joined*" to join in or consent to the removal of the action) (emphasis added); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined).

32.      There are no orders signed by the state-court judge. Pursuant to 28 U.S.C. §1446(a) and E.D. TEX. CIV. R. 81(c), the following documents are being filed simultaneously and as exhibits to this notice of removal:

    (1)   Index of documents being filed;
    (2)   List of all parties in the case, their party type, and current status of the removed action;
    (3)   Civil cover sheet and certified copy of the state-court docket sheet;
    (4)   Copies of all pleadings that assert causes of action, all answers to such pleadings, and all process and orders served upon the removing party;
    (5)   List of attorneys involved in the action being removed, including bar numbers, addresses, telephone numbers, and parties represented;

(6)   Record of which parties have requested jury trial; and

(7)   Name and address of the court from which the case is being removed.

FOR THESE REASONS, Atlantic Casualty Insurance Company respectfully requests that this Court remove this action from the 219th Judicial District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: _____
Camille Johnson
State Bar No. 10686600
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com

**ATTORNEY FOR DEFENDANT,
ATLANTIC CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

J. Robert Miller, Jr.
Katlin D. Wilcox
MILLER & BROWN, LLP
400 South Ervay Street
Dallas, Texas 75201
*Counsel for Plaintiff Adaptive Modifications, LLC*

Bruce A. Campbell
CAMPBELL & ASSOCIATES, PC
4201 Spring Valley Road, Suite 1250
Dallas, Texas 75244
*Counsel for Defendant Dan Mitchell a/k/a Agent No. 181*


_____
Camille Johnson